Gladys King BURNS, Plaintiff,

v.

GADSDEN STATE COMMUNITY
COLLEGE, et al., Defendants.

Gladys King BURNS, Plaintiff,

v.

GADSDEN STATE COMMUNITY
COLLEGE, Defendant.

Civ. A. Nos. 88–AR–0961–M,
88–AR–1502–M.

United States District Court,
N.D. Alabama, M.D.

April 15, 1991.
On Motion for New Trial April 23, 1991.

Patricia G. Fraley, Franklin G. Shuler, Jr., Joe R. Whatley, Jr. and Andrew Clay Allen, Cooper Mitch Crawford Kuykendall & Whatley, Birmingham, Ala., for plaintiff.

R. Kent Henslee and Ralph K. Strawn, Jr., Henslee Bradley & Robertson, P.C., Gadsden, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

The procedural posture of these cases upon remand by the Eleventh Circuit, and

the issues presented for trial, are well laid out in the Eleventh Circuit's opinion in *Burns v. Gadsden State Community College,* 908 F.2d 1512 (11th Cir.1990). In short, plaintiff, Gladys Burns, a female over 40 years of age, complained of sex discrimination and age discrimination by defendants, Gadsden State Community College and its president, Robert Howard, who turned down plaintiff's application for the position of coordinator of economic development at the college and instead gave the position to a younger male. In her two cases, consolidated for trial, Burns invoked both Title VII and 42 U.S.C. § 1983 as statutory bases for her claim of sex discrimination, and invoked the Age Discrimination in Employment Act as the statutory basis for her claim of age discrimination. The only significant procedural fact not mentioned by the Eleventh Circuit is the fact that plaintiff originally demanded the trial by jury to which she was clearly entitled under ADEA, but to which arguably she was not entitled under Title VII and even under § 1983 as to her claim for lost wages and benefits. *See Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1187–88 n. 4 (11th Cir.1985). Whether recoverable or not she claimed damages for mental anguish and punitive damages under § 1983. After remand and before trial, defendants' motion to strike the jury demand was denied.

The Eleventh Circuit in its opinion at 908 F.2d 1512, which overruled this court's earlier grant of summary judgment in favor of defendants, did not address the Eleventh Amendment defense affirmatively interposed by Alabama state entities, Gadsden State and Dr. Howard in his official capacity. Whether, contrary to the principles enunciated in *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); and *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), the law-of-the-case impliedly established that this Eleventh Amendment defense was in-

effectual, becomes an academic question in light of the way the jury decided the case.

After all evidence had been presented and the jury had been instructed by the court, special interrogatories were submitted to the jury. The jury answered the first two questions in a way which rendered moot all subsequent questions. The jury found that neither defendant had been motivated by plaintiff's sex or by plaintiff's age in the decision to select a younger man for the position for which plaintiff had applied. Inasmuch as it was plaintiff who demanded the jury trial, this court is not required, independently of the jury verdict, to make any findings of fact or to state any conclusions of law under the Title VII claim, even if the court otherwise would be required to do so. *See Lincoln v. Board of Regents of the Univ. of Ga. Sys.,* 697 F.2d 928, 934 (11th Cir.1983), *cert. denied,* 464 U.S. 826, 104 S.Ct. 97, 78 L.Ed.2d 102 (1983).

A separate judgment in accordance with the jury verdict will be entered.

## ON MOTIONS FOR NEW TRIAL

The court has for consideration motions filed in the above two entitled causes for a new trial filed by plaintiff, Gladys King Burns, pursuant to Rule 59(a), F.R.Civ.P. Each motion contains the same four grounds which will be discussed *seriatim.*

### First Ground

Plaintiff's first ground alleges that the jury verdict is contrary to the applicable law. While there were numerous principles of law involved in the case, a review of the file leads this court to find that this ground is lacking in merit.

### Second Ground

Plaintiff's second ground alleges that the jury verdict is contrary to the evidence and to the clear weight of the evidence. The court finds this ground clearly lacking in merit. There was ample evidence upon which the jury could, by making appropriate credibility determinations, find as it did in favor of defendants in both cases.

### Third Ground

Plaintiff's third ground alleges that the court erred in refusing plaintiff's attempt to strike for cause two venirepersons who allegedly were currently attending defendant, Gadsden State Community College, as students.

■ The court reporter has transcribed the colloquies during the jury selection process as they bear on this issue. This transcription reflects that only one venireperson, namely Kelli Elaine Clemons, was actually attending Gadsden State Community College at the time this jury was selected and that her employer was paying her tuition. In response to direct inquiry, she denied that her attendance at Gadsden State would in any way influence her. Nevertheless, she was not selected as a juror, whether by the exercise of a peremptory challenge or because she was not reached. The only other two venirepersons who had any connection whatsoever with Gadsden State were Barbara McGlaughan, whose daughter attends Gadsden State, and Lonnie Vincent, whose brother attended Gadsden State five or six years ago. In alleging that two venirepersons attend Gadsden State, plaintiff perhaps mistakenly believed that Ms. McGlaughan herself attended Gadsden State because she said during her personal introduction that she in the past had attended Gadsden Business College, which is an entity entirely separate from Gadsden State. Both Ms. McGlaughan and Mr. Vincent were selected as jurors after acknowledging that their tenuous connections with Gadsden State would not affect their judgment in any way. The court found then, and finds now, that there was no basis for plaintiff to challenge "for cause" any of these three potential jurors. There was no persuasive reason given to believe that any one of them could not be impartial in this case.

### Fourth Ground

■ Plaintiff's fourth ground alleges that the court erred in reading excerpts from its decision in that aspect of *Lee v. Macon,* the seminal case of school desegregation in Alabama, in which this court ordered a merger of three state owned post-secondary two-year institutions located in Etowah County, Alabama, to form Gadsden State Community College. Plaintiff did not interpose an objection to the reading of these excerpts before they had been read. Plaintiff did not request that the entire earlier merger opinion and decree be read to the jury or introduced into evidence. Plaintiff did not move to exclude the evidence as contained in the excerpts from the earlier opinion and decree read to the jury. Plaintiff did not request a limiting or clarifying jury instruction on the subject.

It is, of course, easy for a court in a bench trial to take judicial notice of material matters contained in the court files in other cases in the same court. In a jury case, if the jury is to obtain such relevant material from another case, that material must either be presented orally or in writing from the court records. In this case plaintiff, as she had a right to do, requested trial by jury. In this case, at the time the excerpts were read there was no doubt about the fact that one of defendants' alleged "articulated legitimate non-discriminatory reasons" for their decision to hire someone other than plaintiff for the position for which she applied and as to which she was rejected, was that the federal court order which created the defendant institution and under which defendants were operating required defendants to give a preference in hiring to persons who were on the payroll of one of the three prior institutions at the time of their merger. In accordance with the so-called *Burdine* analysis, which was clearly applicable to plaintiff's ADEA claim as well as to her sex discrimination claim, this arguably "legitimate non-discriminatory reason" for not hiring a female over 40 years of age, constituted material evidence. Because defendants had offered evidence about the preferential treatment mandated for previous employees, the court deemed it appropriate that the pertinent portions of the old decree itself be heard by the jury and not just defendants' version or recollection of it. The court made no effort to interpret or to explain the old opinion and was not asked by any party to do so.

At the time this court erroneously granted summary judgment in the instant case

in favor of defendants (which said judgment was vacated by the Eleventh Circuit), this court did not discuss the alleged "legitimate non-discriminatory reason" now articulated by defendants involving a court-mandated preference, and therefore neither did the Eleventh Circuit discuss it. The other reasons "articulated" by defendants for their decision adverse to plaintiff were that plaintiff did not meet the formal qualifications for the job and that the person hired was the better qualified. Whether or not the old merger decree and the accompanying opinion written by this court in *Lee v. Macon* would have provided defendants an absolute defense to plaintiff's action, independent of any *Burdine* analysis, becomes an academic question in light of the actual jury verdict. This court was asked no more than to acknowledge a portion of its former decree as a "legitimate non-discriminatory reason" which, in theory could be articulated as a reason for hiring a person who had worked for one of the merged institutions prior to the merger. Whether or not this "articulated reason" was, in fact, a pretext put forward by defendants only to cover a decision really motivated by the sex and/or age of plaintiff was a matter left for jury determination, and the jury made that determination.

■ This court does not believe that it erred in giving to the jury pertinent words from its former decree, from which no timely appeal was taken, and which was in fact a matter of which defendants certainly were aware. Lastly, the court points out that in its instructions to the jury the court charged the jury that its old merger decree did not act or excuse defendants from their legal obligation to comply with Title VII, with § 1983, and with ADEA. If the court erred in its jury charge in this regard, it erred in plaintiff's favor.

\* \* \*

Appropriate separate orders will be entered denying plaintiff's motions for new trial.